

Jeffrey Kimmel

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 259 6435
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6408

March 23, 2022

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**RE: Angela Brown., et al. v. Peregrine Enterprises, et al.**
**Case No. 22-cv-01455-KPF**

Dear Judge Failla:

This firm represents Peregrine Enterprises, Inc., dba Rick's Cabaret New York ("Rick's Cabaret"); RCI Entertainment (New York) Inc., RCI Hospitality Holdings Inc., fka Rick's Cabaret International, Inc., RCI Management Services (together "RCI Defendants"); Eric Langan ("Mr. Langan") and Ed Anakar ("Mr. Anakar") (collectively, the "Defendants") in the above-referenced case.[1] Pursuant to Rule 4(A) of your Honor's Individual Rules of Practice in Civil Cases, Defendants respectfully submit this letter requesting a pre-motion conference to address their intention to move to compel arbitration of the claims in the Complaint filed by Plaintiffs.

**DEFENDANTS' ANTICIPATED MOTION TO COMPEL ARBITRATION**

Plaintiffs, former entertainers with Rick's Cabaret New York, bring a putative collective action alleging a host of wage-and-hour claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") including failure to pay minimum wage under the FLSA (29 U.S.C.§ 206) and NYLL (N.Y. Lab. Law § 650, *et seq*); unlawful taking of tips under the FLSA (29 U.S.C. § 203); illegal kickbacks under the FLSA (29 C.F.R. § 531.35) and NYLL (N.Y. Lab. Law § 198-b, *et seq*); forced tip sharing under the FLSA (29 C.F.R. § 531.35) and NYLL (N.Y. Lab. Law § 196-d, *et seq*.). However, Plaintiffs signed Entertainer License Agreements ("ELA") which include arbitration clauses (the "Arbitration Agreements") pursuant to which they agreed to arbitrate all of the claims asserted in the Complaint. Thus, Defendants intend to file a Motion to Compel Arbitration.

---

[1] This firm does not currently represent the DOE Defendants.

akerman.com

Case 1:22-cv-01455-KPF   Document 22   Filed 03/23/22   Page 2 of 4

Honorable Katherine Polk Failla
Page 2 of 4

### A. The Law Favors Arbitration and Arbitration Should Be Compelled Here

The Federal Arbitration Act ("FAA"), which "reflects a liberal federal policy favoring arbitration agreements," (*Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017) (internal quotation marks and citation omitted)) dictates that any contract containing a binding arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Any doubts regarding arbitrability should be resolved in favor of arbitration. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345-346 (2011).

A court deciding whether a dispute should be arbitrated, must answer only two questions: (1) whether there is a valid agreement to arbitrate and, if so, (2) whether the subject of the dispute is within the scope of the arbitration agreement. *Pittsburgh v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996). Here, the parties entered into valid Arbitration Agreements and the Arbitration Agreements clearly apply to the claims that Plaintiffs assert against Defendants in their Complaint. Specifically, pursuant to the Arbitration Agreements, Plaintiffs and Defendants agreed that:

> Any and all disputes between Licensee and Licensor, or any of its parents, subsidiaries, employees or affiliates, including, but not limited to, disputes in connection with the performance of services by Licensee at the Club or in connection with any future relationship of any kind between Licensee and the Club will be subject to binding arbitration.[2]

The instant allegations—that Plaintiffs were misclassified as independent contractors and consequently were not paid in accordance with the NYLL and FLSA—are all clearly "in connection" with Plaintiffs' performance of services with Defendants. Courts routinely send these types of employment cases to arbitration. *See, e.g.*, *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559 (S.D.N.Y. 2013) (granting motion to dismiss collective-action claims and compel arbitration of Plaintiff's wage-hour claims on an individual basis). Therefore, because (1) there is a valid agreement to arbitrate, and (2) the subject of the dispute is within the scope of the Arbitration Agreement, Plaintiffs' claims should be compelled to arbitration.

### B. All Disputes Concerning Interpretation and Enforceability of Certain Terms of the Arbitration Agreements are for the Arbitrator

Additionally, all issues Plaintiffs may seek to raise concerning the interpretation or enforceability of the terms Arbitration Agreement must be arbitrated. Indeed, the Arbitration Agreements state that:

---

[2] Although some of the Arbitration Agreements differ in language; they all compel Plaintiffs to arbitrate their claims against Defendants. Any potential "opt-in" Plaintiff who was an entertainer at Rick's Cabaret in New York would also have entered into a License Agreement with an Arbitration Agreement.

> THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY, ENFORCEABILITY AND/OR ALLEGED UNCONSCIONABILITY OF ANY PART OF THIS LICENSE

This language clearly and unmistakably evinces the parties' intent to submit to an arbitrator any disputes relating to the interpretation or enforceability of the Arbitration Agreement. *See Suqin Zhu v Hakkasan NYC LLC*, 291 F Supp 3d 378, 389 (S.D.N.Y. 2017) (noting that "[g]enerally, the interpretation of specific provisions of the arbitration agreement…. are reserved for the arbitrator); *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC*, 371 F.Supp.2d 571, 575–76 (S.D.N.Y. 2005) (finding contractual language that delegates to an arbitrator disputes involving "meaning, construction, validity and/or enforceability" of the parties' agreement "clearly and unmistakably evidences the parties' intent to submit questions of arbitrability to an arbitrator"). Thus all issues regarding whether any clause of the Agreement is unconscionable or unenforceable, must be arbitrated.

### C. The Court Should Grant Defendants Recovery of Attorneys' Fees.

Should Defendants be forced to file a motion to compel in this case, they will seek attorneys' fees. In the arbitration context, attorneys' fees are warranted "where the party refusing arbitration acted without justification or did not have a reasonable chance to prevail." *Sands Bros. & Co., Ltd. v. Nasser*, No. 03-cv-8128, 2004 WL 26550, at *3 (S.D.N.Y. Jan. 5, 2004) (quotation and citation omitted) (awarding fees where party could not have reasonably expected to prevail in its efforts to resist arbitration).

Prior to the filing of this instant Letter, Defendants notified Plaintiffs' counsel of the applicability of the Arbitration Agreement, and their intention to seek fees if Plaintiff chose to ignore their contractual agreements to arbitrate this dispute.[3] Defendants, at Plaintiffs' request, also provided copies of all of the applicable agreements. In fact, in response to certain issues Plaintiffs raised about the terms of the arbitration agreements, Defendants agreed to waive terms (such as prevailing party fee-shifting) and pointed out to Plaintiffs that any remaining issues are to be raised in front of the arbitrator, not this Court.[4] Plaintiffs nonetheless stated their intention to proceed with litigation in this forum.

---

[3] Defendants informed Plaintiffs' counsel that they would waive their right to seek costs and attorneys' fees associated with the Arbitration (except in instances of frivolous conduct). The Second Circuit has held that New York law permits the enforcement of an arbitration agreement as modified by a defendant's waivers. *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 124 (2d Cir.2010). If Defendant waives the fee-splitting provision, the provision is severed from the Arbitration Agreement, however, the Agreement as a whole remains enforceable. S*ee Moton v Maplebear Inc*., 15 CIV. 8879 (CM), 2016 WL 616343 at *8 (S.D.N.Y Feb. 9, 2016).

[4] Plaintiffs objected to the one-year statute of limitations clauses included in the Arbitration Agreements and assert that they are unenforceable as to Plaintiffs' FLSA and NYLL claims. This Court has held that arbitration clauses that shorten the statute of limitations, to as short as six months for claims brought under the NYLL, are enforceable. *See Keller v. About, Inc.*, 21-CV-228 (JMF), 2021 WL 1783522 at *3 (S.D.N.Y. May 5, 2021). Indeed, "New York courts have held that a six-month period to bring an employment claim is inherently reasonable." *Ortegas v. G4S Secure Sols.* (USA) Inc., 65 N.Y.S.3d 693 (1st Dep't 2017). Defendants informed Plaintiffs that they would waive this contractual statute of limitations as to FLSA claims brought by Plaintiffs.

       This Court should order Plaintiffs and their counsel, jointly and severally, to reimburse Defendants for the costs and attorneys' fees incurred in bringing this motion.

       Defendants propose the following briefing schedule for their anticipated Motion to Compel Arbitration: (1) Defendants to file their initial moving papers within 14 days after the Pre-Motion Conference; (2) Plaintiffs to file opposition papers within 14 days after Defendants' motion papers are filed; and (3) Defendants to file reply papers within 14 days after Plaintiffs file their opposition papers. Lastly, as noted *supra*, Plaintiffs have asserted that they intend to continue litigation in this forum and oppose Defendants' Motion to Compel Arbitration.

                                                              Respectfully submitted,

                                                              */s/ Jeffrey A. Kimmel*

                                                               Jeffrey A. Kimmel

cc:
Counsels of Record (via ECF)