## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ANGELA BROWN, *et al*.

                Plaintiffs,

      vs.

PEREGRINE ENTERPRISES, INC. dba
RICK'S CABARET NEW YORK, a New
York corporation; RCI ENTERTAINMENT
(NEW YORK) INC., a New York
corporation; RCI HOSPITALITY
HOLDINGS, INC. fka RICK'S CABARET I
NTERNATIONAL, INC., a Texas
corporation; RCI MANAGEMENT
SERVICES, a Texas corporation; ERIC
LANGAN, an individual; ED ANAKAR, an
individual; DOE MANAGERS 1-3; and
DOES 4-10, inclusive,

          Defendants.

_____ /

Case No.: 1:22-cv-01455-KPF

**COLLECTIVE ACTION**

**PLAINTIFFS' MEMORANDUM OF
LAW IN SUPPORT OF THEIR
MOTION TO LIFT THE STAY**

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I.   INTRODUCTION ................................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................................... 1

III. PROCEDURAL POSTURE ...................................................................................... 2

   A. Plaintiffs Who Have Joined the Lawsuit to Date ............................................ 2

   B. Defendants' Motion to Compel Arbitration and Stay of this Matter ........... 2

   C. Plaintiffs' Submitted Their Arbitration Demand to AAA Per the
      Arbitration Agreements ................................................................................... 2

IV.  DEFENDANTS FAILURE TO PAY THEIR SHARE OF ARBITRATION FEES MANDATES
     LIFTING THE STAY AND RESUMPTION OF LITIGATION IN COURT ........................... 4

   A. Defendants Have Breached and/or Waived the Arbitration Agreements .... 5

      1. *Defendants Have Engaged in Conduct Inconsistent with the Right to
         Arbitrate* ................................................................................................... 6

      2. *Defendants Have Prejudiced Plaintiffs* .................................................... 8

   B. The Arbitration Agreements Are Clear That Only AAA May Arbitrate
      These Matters ................................................................................................... 8

   C. AAA's Termination of the Arbitrations Mandates Lifting the Stay Per the
      FAA, 9 U.S.C. § 3 ........................................................................................... 10

      1. *The Arbitrations Have Been Had in Accordance with the Agreement* ..... 10

V.   PLAINTIFFS REQUEST THAT THE COURT SET A SCHEDULING CONFERENCE AFTER
     LIFTING THE STAY ............................................................................................... 11

VI.  CONCLUSION ...................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Brown v. Dillard's, Inc.*,
 430 F.3d 1004 (9th Cir. 2005) ..................................................... 7

*CellInfo, LLC v. Am. Tower Corp.*,
 506 F. Supp. 3d 61 (D. Mass. 2020) ............................................ 10

*Coca–Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812*,
 242 F.3d 52 (2d Cir. 2001) ........................................................... 6

*Colorado River Water Conservation Dist. v. U.S.*,
 424 U.S. 800 (1976) ...................................................................... 11

*Cota v. Art Brand Studios, LLC*,
 No. 21-CV-1519 (LJL), 2021 WL 4864588 (S.D.N.Y. Oct. 15, 2021) ......................... 5, 10, 11

*Cotton v. Slone*,
 4 F.3d 176 (2d Cir. 1993) ............................................................... 6

*Doctor's Assocs., Inc. v. Distajo*,
 66 F.3d 438 (2d Cir. 1995) ............................................................. 5

*Freeman v. SmartPay Leasing, LLC*,
 771 F.App'x 926 (11th Cir. 2019) ............................................. 5, 8, 10

*Great Northern Assocs., Inc. v. Continental Cas. Co.*,
 192 A.D.2d 976, 596 N.Y.S.2d 938 (3d Dep't 1993) .................... 6

*Hart v. Rick's Cabaret Int'l, Inc.*,
 967 F.Supp.2d 901 (S.D.N.Y. 2013) ............................................ 2

*In re Salomon Inc. Shareholders' Derivative Litigation*,
 68 F.3d 554 (2d Cir. 1995) ............................................................. 9

*Moss v. First Premier Bank*,
 835 F.3d 260 (2d Cir. 2016) ........................................................... 9

*Nadeau v. Equity Residential Props. Mgmt. Corp.*,
 251 F.Supp.3d 637 (S.D.N.Y. May 5, 2017) ................................. 6, 7

*Nagy v. Arcas Brass & Iron Co.*,
 242 N.Y. 97, 98, 150 N.E. 614 (1926) ..................................................................... 6

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*,
 673 F.3d 84 (2d Cir. 2012) ................................................................................... 11

*Pre-Paid Legal Servs., Inc. v. Cahill*,
 786 F.3d 1287 (10th Cir. 2015) ........................................................................ 5, 7

*Ross v. American Express Co.*,
 547 F.3d 137 (2d Cir. 2008) ................................................................................ 10

*Stanley v. A Better Way Wholesale Autos, Inc.*,
 No. 3:17-CV-01215-MPS, 2018 WL 3872156 (D. Conn. Aug. 15, 2018) ........................... 5, 8

*Thyssen, Inc. v. Calypso Shipping Corp., S.A.*,
 310 F.3d 102 (2d Cir. 2002) ............................................................................. 5, 6

*Tillman v. Tillman*,
 825 F.3d 1069 (9th Cir. 2016) ........................................................................ 10, 11

*Zhang v. Wang*,
 317 Fed.App'x 26 (2d Cir. 2008) ........................................................................... 6

## Statutes

9 U.S.C. § 3 ........................................................................................... 5, 8, 10

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Due to no fault of their own, plaintiffs Angela Brown ("Brown"), Raina Bigham ("Bigham"), Natasha Bradbury ("Bradbury"), Lauren Farano ("Farano"), Teresa Luja ("Luja"), Giselle Luza ("Luza"), Kayla Urena ("Urena"), Kayle Rodriguez ("Rodriguez"), Leslie Tejeda ("Tejeda"), Yana Toyber ("Toyber"), Susana Vargas ("Vargas"), Ashley Venecia ("Venecia"), Marley Blangiardo ("Blangiardo"), Rebecca Branson ("Branson"), Zuleyka Bula ("Bula"), Kianna Francis ("Francis"), Maryanny Manan ("Manan"), Coral Ann Hall ("Hall"), Suenbel Rehman ("Rehman"), Janice Valdez ("Valdez"), Elena Malysheva ("Malysheva"), Tracie Middleton ("Middleton"), and Maria Cardenas ("Cardenas") (collectively, "Plaintiffs") are left without a forum to adjudicate their claims for wages due to defendants Peregrine Enterprises, Inc. dba Rick's Cabaret New York, RCI Entertainment (New York) Inc., RCI Hospitality Holdings, Inc. fka Rick's Cabaret International, Inc., RCI Management Services, Eric Langan, and Ed Anakar (collectively, "Defendants") misclassification of Plaintiffs as independent contractors rather than employees. Having complied with the terms and provisions of arbitration, Defendants' willful failure to pay their share of the arbitration filing fees caused the American Arbitration Agency ("AAA") to terminate the arbitrations and close the proceedings. Plaintiffs respectfully request that the Court lift the stay in this matter and allow Plaintiffs' claims to proceed in Court.

**II.    FACTUAL BACKGROUND**

Plaintiffs' causes of action arise from Defendants' willful actions while Plaintiffs were employed by Defendants within the last six years from the filing of this lawsuit at Defendants' club, Rick's. During their time being employed by Defendants, Plaintiffs were denied minimum wage payments and denied overtime as part of Defendants' scheme to classify Plaintiffs and other dancers/entertainers as "independent contractors." As a result of Defendants' misclassification, Plaintiffs were not paid wages; rather, Plaintiffs were forced to tip Defendants'

employees and pay various fees or fines. The actions are especially egregious considering summary judgment was previously entered against the same group of Defendants in this Court in *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901 (S.D.N.Y. 2013).

## III. PROCEDURAL POSTURE

### A. Plaintiffs Who Have Joined the Lawsuit to Date

Brown, Bigham, Bradbury, Farano, Leja, Luza, Urena, Rodriguez, Tejeda, Toyber, Vargas, and Venecia filed the Complaint on February 22, 2022. *See* Dkt. 1. On March 8, 2022, Blangiardo, Branson, Bula, Francis, and Manan joined. *See* Dkt. 17. Hall and Rehman joined on March 21, 2022. *See* Dkt. 20. Valdez joined on March 24, 2022. *See* Dkt. 24. Malysheva joined on April 14, 2022. *See* Dkt. 27. Middleton joined on May 10, 2022 and Cardenas joined on June 28, 2022. *See* Dkts. 30 & 34.

### B. Defendants' Motion to Compel Arbitration and Stay of this Matter

On March 23, 2022, Defendants' filed a letter requesting a pre-motion conference in anticipation of their Motion to Compel Arbitration. *See* Dkt. 22. Plaintiffs filed their letter in response on March 28, 2022. *See* Dkt. 25. On March 30, 2022 the Court ordered that a pre-motion conference be held on April 26, 2022. *See* Dkt. 26. On April 26, 2022 the pre-motion conference was held regarding Defendants' Motion to Compel Arbitration and Plaintiffs' response.

On May 23, 2022, Defendants filed a letter advising the Court of the parties' request that the case be stayed pending the arbitrations of Plaintiffs claims. *See* Dkt. 32. On May 24, 2022, the Court stayed this matter. *See* Dkt. 33.

### C. Plaintiffs' Submitted Their Arbitration Demand to AAA Per the Arbitration Agreements

On May 4, 2022, Brown filed her arbitration demand with AAA and paid her share of the arbitration filing fees. Defendants were served with Brown's arbitration demand. *See* Declaration of John P. Kristensen ("Kristensen Decl.") at ¶ 2, Exhibit ("Ex.") 1.

On May 5, 2022, Bigham, Bradbury, Farano, Leja, and Luza filed their arbitration demands with AAA and paid their share of the arbitration filing fees. Defendants were served with Bigham, Bradbury, Farano, Leja, and Luza's arbitration demands. *Id.* at ¶ 3, Exs. 2–6.

Urena, Rodriguez, Tejeda, Toyber, Vargas, and Venecia filed their arbitration demands with AAA and paid their share of the filing fees on May 9, 2022. Defendants were served with Urena, Rodriguez, Tejeda, Toyber, Vargas, and Venecia's arbitration demands. *Id.* at ¶ 4, Exs. 7–12.

On May 10, 2022, Branson, Bula, Francis, Manan, Hall, and Malysheva filed their arbitration demands with AAA and paid their share of the arbitration filing fees. Defendants were served with Branson, Bula, Francis, Manan, Hall, and Malysheva's arbitration demands. *Id.* at ¶ 5, Exs. 13–18.

On May 12, 2022, AAA sent correspondence to Plaintiffs and Defendants advising that AAA had received Plaintiffs' share of their arbitration filing fees (amounting to $300.00 per matter) but had not received Defendants' share ($1,900.00 per each matter). AAA requested that Defendants pay their share by May 26, 2022. *Id.* at ¶ 6, Ex. 19.

Defendants sent correspondence to AAA on May 19, 2022 advising that Defendants would not pay their share of the arbitration filing fees per AAA's rules, but rather wanted Plaintiffs to pay an equal share of the filing fees in violation of AAA's rules. *Id.* at ¶ 7, Ex. 20. That same day, Plaintiffs sent correspondence in response noting that as of October 1, 2017, AAA was applying its Employment Fee Schedule to any dispute between an individual (employee or independent contractor) and a business or organization and the dispute arises from work or work-related claims. Per AAA's own rules, policies, and procedures, Plaintiffs had already paid their share of the filing fees. *Id.* at ¶ 8, Ex. 21.

On May 20, 2022 AAA announced that it would apply the Employment Fee Schedule to these matters and, that once Defendants' share of the filing fees were paid, it would proceed with administration of these matters. *Id.* at ¶ 9, Ex. 22.

On May 25, 2022, Defendants sent another correspondence to AAA arguing again that it would not pay the arbitration filing fees in accordance with AAA's rules and the Employment Fee Schedule. *Id.* at ¶ 10, Ex. 23. Per AAA's request, Plaintiffs submitted their response again stating that AAA's rules, policies, procedures were to proceed with the Employment Fee Schedule. *Id.* at ¶ 11, Ex. 24. That same day AAA sent correspondence reaffirming that Defendants' share of the arbitration filing fees were $1,900.00 for each matter and that it would apply the Employment Fee Schedule. *Id.* at ¶ 12, Ex. 25. AAA stated that upon receipt of Defendants' share of the fees that a case manager would be assigned and further disputes could be raised with the arbitrators once assigned. AAA further requested that Defendants pay their share by June 10, 2022. *Id.*

AAA sent yet another correspondence on June 14, 2022 again requesting that Defendants pay their share of the arbitration filing fees by June 28, 2022. *Id.* at ¶ 13, Ex. 26.

On July 26, 2022, AAA sent correspondence that it had administratively closed these matters as a result of Defendants' failure to pay their share of the arbitration filing fees. *Id.* at ¶ 14, Ex. 27. AAA further stated that. "[b]ecause the employer has failed to comply with the Employment Arbitration Rules and the Employment Due Process protocols, [AAA] will decline to administer any future employment matter with [Defendants]" and asked that "[Defendants] remove [AAA's] name from [Defendants'] arbitration agreements so there is no confusion to the public." *Id.*

## IV.   DEFENDANTS FAILURE TO PAY THEIR SHARE OF ARBITRATION FEES MANDATES LIFTING THE STAY AND RESUMPTION OF LITIGATION IN COURT

Defendants' willful failure to pay their share of the AAA's arbitration filing fees demonstrates a breach and/or waiver of the arbitration agreements. Defendants' willful conduct has unduly prejudiced Plaintiffs as they are left without a forum to adjudicate their claims absent the stay being lifted by this Court. Plaintiffs seek to have their claims heard on the merits and Defendants' gamesmanship does not absolve Defendants from their liability of Plaintiffs' claims.

###### A.       Defendants Have Breached and/or Waived the Arbitration Agreements

Plaintiffs contend that Defendants have breached and/or waived their right to arbitrate by refusing to pay their share of the arbitration fees, and thus Defendants are "in default in proceeding with [the] arbitration" under Section 3 of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 3.

Generally, "[t]here is a strong presumption in favor of arbitration, and waiver of the right to arbitration is not to be lightly inferred." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104–105 (2d Cir. 2002) (citation and internal alterations omitted). However, "[a]n inquiry into whether an arbitration right has been waived is factually specific and not susceptible to bright line rules." *Id.* at 105. The Second Circuit has equated a waiver of the right to arbitrate with a "default in proceeding with such arbitration" under Section 3 of the FAA. *See, e.g., Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 455 (2d Cir. 1995). Courts in this and other Circuits have determined that an applicant for a stay may default by failing to pay arbitration fees. *See, e.g., Cota v. Art Brand Studios, LLC*, No. 21-CV-1519 (LJL), 2021 WL 4864588, at *9 (S.D.N.Y. Oct. 15, 2021) (collecting cases); *Freeman v. SmartPay Leasing, LLC*, 771 F.App'x 926, 935 (11th Cir. 2019) (determining that a party defaulted and "waived its right to arbitration by failing to pay arbitration fees" under a different arbitral body's Consumer Minimum Standards); *Pre-Paid Legal Servs., Inc. v. Cahill,* 786 F.3d 1287, 1294 (10th Cir. 2015) ("Failure to pay arbitration fees constitutes a 'default' under § 3."). To show waiver based on a refusal to arbitrate "courts in this Circuit have required a showing that the defendant (i) engaged in conduct that is inconsistent with the right to arbitrate that (ii) prejudiced the plaintiff." *Stanley v. A Better Way Wholesale Autos, Inc*., No. 3:17-CV-01215-MPS, 2018 WL 3872156, at *6 (D. Conn. Aug. 15, 2018) (internal citation omitted).

///

///

///

1.     *Defendants Have Engaged in Conduct Inconsistent with the Right to Arbitrate*

Defendants' refusal to pay their portion of the arbitration fees constituted "conduct inconsistent with the right to arbitrate." *Id*.

AAA informed Defendants multiple times that Defendants' share of the arbitration filing fees were past due and that AAA would terminate the arbitrations if Defendants did not pay their share of the filing fees.

> A refusal by [a party] to arbitrate upon demand duly made by the other side constitutes . . . a waiver." *Nagy v. Arcas Brass & Iron Co*., 242 N.Y. 97, 98, 150 N.E. 614 (1926) (per curiam). However, "[c]rucial to the establishment of waiver in the arbitration context is the presence of conduct by the party seeking to compel arbitration which reflects a positive and unequivocal election to ignore his or her arbitration rights." *Great Northern Assocs., Inc. v. Continental Cas. Co*., 192 A.D.2d 976, 596 N.Y.S.2d 938, 941 (3d Dep't 1993).

*Zhang v. Wang*, 317 Fed.App'x 26, 28 (2d Cir. 2008). "'[T]here is a strong presumption in favor of arbitration[, and] waiver of the right to arbitration is not to be lightly inferred.'" *Thyssen*, 310 F.3d at 104–105 (quoting *Coca–Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52, 57 (2d Cir. 2001)). "The waiver determination necessarily depends upon the facts of the particular case and is not susceptible to bright line rules." *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993).

Here, as in *Nadeau v. Equity Residential Props. Mgmt. Corp*., 251 F.Supp.3d 637 (S.D.N.Y. May 5, 2017), Defendants waived their right to arbitrate Plaintiffs' claims. In *Nadeau*, the plaintiff filed a demand to arbitrate with AAA pursuant to the arbitration agreement that existed between the plaintiff and the defendant. *Id.* at 640–641. The plaintiff paid her filing fee, but the defendant did not pay its filing fee, even after the defendant's legal department discussed the demand with the plaintiff on several occasions. *Id.* Within about six weeks after AAA first informed the parties that it had received the plaintiff's payment but not the defendant's, AAA

administratively terminated the case and the plaintiff filed a class action suit against the defendant. *Id.* Although AAA subsequently reopened the arbitration demand upon the defendant's late payment, *Nadeau* found that the defendant had materially breached the arbitration agreement by failing to timely pay the arbitration fee before AAA closed the case, and, under New York contract law, was unable to now enforce it against the plaintiff. *See id.* at 641–642; *see also Pre–Paid Legal Servs., Inc*, 786 F.3d at 1294 ("Our holding is consistent with decisions of other courts that have determined a party's failure to pay its share of arbitration fees breaches the arbitration agreement and precludes any subsequent attempt by that party to enforce that agreement.").

The *Nadeau* Court cited the Ninth Circuit's opinion in *Brown v. Dillard's, Inc*., 430 F.3d 1004 (9th Cir. 2005), where the court also concluded that a refusal to arbitrate amounted to a material breach of the arbitration agreement, which prevented the defendant from compelling arbitration. *Id.* at 1010–12. In *Brown*, the defendant believed that the plaintiff's arbitration charge did not present an arbitrable claim and simply refused to participate. *Id.* at 1010. The court stated that if the defendant "believed [the plaintiff]'s claim was meritless, its proper course of action was to make that argument in arbitration" and that a refusal to participate at all amounted to a breach of the arbitration agreement, "depriv[ing the defendant] of the right to enforce that agreement." *Id.*

Just as in *Nadeau*, Defendants here have waived and/or breached the terms of the arbitration agreements such that they cannot compel arbitration because of their failure to pay their share of the arbitration filing fees despite repeated requests by AAA. Plaintiffs expect Defendants to argue that AAA's rules regarding applying the Employment Fee Schedule and requiring Defendants to pay $1,900.00 for each matter as Defendants' share of the filing fees was contrary to the terms of the arbitration agreements, but if Defendants disagreed, they could have paid their share of the filing fees and brought this dispute to the attention of the arbitrators once appointment as AAA repeatedly stated. Defendants chose not to do so and instead chose not to

pay anything—a clear violation of the arbitration agreements and AAA's rules, policies, and procedures.

### 2. *Defendants Have Prejudiced Plaintiffs*

To determine that Defendants waived their right to arbitrate, the Court must also consider whether Plaintiffs was prejudiced by Defendants' actions. *See Stanley*, 2018 WL 3872156 at *6. Here, Plaintiffs were plainly prejudiced, as they faced a delay in adjudicating their claims and lost their opportunity to arbitrate in the forum selected by the parties. *See, e.g., id.* at *7 (finding prejudice where one party incurred "costs involved in submitting a doomed AAA demand for arbitration, in filing its district court complaint, and in defending a motion to compel"); *SmartPay*, 771 F.App'x at 933. Having acted inconsistent with their right to arbitrate by failing to advance payment, Defendants caused prejudice to Plaintiffs, and thus they met both prongs of the test for waiver. *See Stanley*, 2018 WL 3872156 at *6. Because Defendants waived their right to arbitrate, they were "in default in proceeding" with the arbitration under Section 3 of the FAA. *See Cota*, 2021 WL 4864588 at *9; 9 U.S.C. § 3.

Section 3 mandates that the stay remain in place only until arbitration "has been had in accordance with the terms of [Plaintiffs'] [A]greements" and "the applicant for the stay[, Defendants, are] . . .  in default in proceeding with such arbitration." 9 U.S.C. § 3. There is no basis for a stay of Plaintiffs' claims remaining under Section 3 of the FAA.

### B. The Arbitration Agreements Are Clear That Only AAA May Arbitrate These Matters

Plaintiffs anticipate that Defendants will argue that the parties could seek another arbitration agency to arbitrate the claims, but that is directly contrary to the arbitration agreements, not the parties' intention, and a blatant rewriting of the agreements.

The arbitration agreements state as follows:

> The parties agree that, except as otherwise provided herein, pursuant to the Federal Arbitration Act (the "FAA"), any and all disputes

between Licensee and Licensor,[] including, but not limited to, disputes in connection with the performance of services by Licensee at the Club or in connection with any future relationship of any kind between Licensee and the Club, will be subject to binding arbitration governed and settled by an impartial independent **appointed by the American Arbitration Association, New York branch**.

*See* Kristensen Decl. ¶¶ 2–5, Exs. 1–18 (Entertainer License Agreements) at § 15 (emphasis added). It is undisputed that there is no provision in the arbitration agreements that any other forum besides AAA is agreed to for arbitration. There is no provision for an appointment of a substitute should AAA be unavailable. *Id.*

The Second Circuit has already spoken on this issue and that that "where the parties ha[ve] contractually agreed that only [one arbitrator] could arbitrate any disputes between them, "a district court must "decline[] to appoint substitute arbitrators and compel arbitration in another forum." *In re Salomon Inc. Shareholders' Derivative Litigation*, 68 F.3d 554, 559 (2d Cir. 1995). The Second Circuit explained its rationale for its holding as follows:

> Although the federal policy favoring arbitration obliges us to resolve any doubts in favor of arbitration, we cannot compel a party to arbitrate a dispute before someone other than the [designated arbitrator] when that party had agreed to arbitrate disputes only before the [arbitrator] and the [arbitrator], in turn, exercising its discretion . . . . , has refused . . . to arbitrate the dispute in question.

*Id.* at 557–558. To be sure, once the designated arbitrator refuses to accept arbitration, there is "no further promise to arbitrate in another forum." *Id.* at 557; *Moss v. First Premier Bank*, 835 F.3d 260, 267 (2d Cir. 2016) (acknowledging that courts in the Second Circuit are bound by *Salomon*).

Here, AAA has clearly spoken that it will not administer the arbitration of Plaintiffs' claims. Even further, AAA stated that it will decline to administer any employment disputes with Defendants and requested that Defendants take out AAA's name from their arbitration agreements so as not to confuse the public. AAA will not arbitrate Plaintiffs' claims and

Defendants cannot now propose alternative arbitrators that is clearly contrary to the arbitration agreements. This Court is bound by *Salomon* and must find that no substitute arbitrator may be appointed.

### C.      AAA's Termination of the Arbitrations Mandates Lifting the Stay Per the FAA, 9 U.S.C. § 3

In the alternative, if the Court does not find that Defendants have breached and/or waived arbitration due to their willful failure to pay their share of the arbitration fees, the FAA mandates lifting the stay per Section 3.

Generally, the FAA reflects a "strong federal policy favoring arbitration as an alternative means of dispute resolution." *Ross v. American Express Co*., 547 F.3d 137, 142 (2d Cir. 2008). Nonetheless, courts in several circuits have "mapped out a path, albeit narrow," to lifting a stay and permitting parties to return to court from arbitration. *CellInfo, LLC v. Am. Tower Corp*., 506 F. Supp. 3d 61, 65 (D. Mass. 2020). When the district court stays litigation pending arbitration, Section 3 mandates that the stay remain in place until: (1) "such arbitration has been had in accordance with the terms of the agreement"; or (2) "the applicant for the stay is . . . in default in proceeding with such arbitration." 9 U.S.C. § 3. Thus, if arbitration "has been had" or the stay applicant has failed to proceed with arbitration, the court may lift the stay. As both instances are met here, the stay must be lifted.

#### 1.      *The Arbitrations Have Been Had in Accordance with the Agreement*

Courts have found that an arbitration "'has been had' in accordance with the terms of the agreement" when arbitral proceedings began according to the rules in the parties' agreements before being terminated for a party's failure to pay, even if no final award issued. *See Cota*, 2021 WL 4864588, at *11–12 (determining an arbitration had been "had" and denying a defendant's motion to compel arbitration when arbitration terminated after one party declined to cover fees owed by the opposing party) (collecting cases); *Tillman v. Tillman*, 825 F.3d 1069 (9th Cir. 2016) (lifting a stay and finding that arbitration had been "had" when the parties' agreement

incorporated the AAA's rules, one party was unable to pay the requisite fees, and the arbitrator terminated the proceedings pursuant to the AAA's rules); *SmartPay*, 771 F.App'x at 935 (determining that the district court did not err determining arbitration had been "had" and lifting a stay where "no arbitration award was awarded", but the plaintiff "initiated an arbitration that was terminated by [the Arbitral body] after [the defendant] failed to pay the filing fee" requested by the Arbitral body).

It is undisputed that Defendants' have failed to pay their share of the arbitration filing fees and that, as a result of Defendants' failure to pay, AAA has stated that it had closed the arbitrations, will decline to administer any future employment disputes with Defendants, and requested that Defendants take AAA's name out of all arbitration agreements.

For the reasons previously detailed, Plaintiffs have suffered prejudice as a result of Defendants' failure to pay their share of the arbitration fees as it has caused not only delay but left Plaintiffs without a forum to adjudicate their claims necessitating that this stay be lifted to that Plaintiffs' claims can be litigated on the merits.

## V.   PLAINTIFFS REQUEST THAT THE COURT SET A SCHEDULING CONFERENCE AFTER LIFTING THE STAY

The Court must deny any request from Defendants to compel Plaintiffs once again to arbitration as the "district court can[not] force an independent arbitration organization such as the AAA to ignore its own rules and re-open a case that it has previously closed." *Cota*, 2021 WL 4864588 at *11.

Plaintiffs respectfully request that the Court allow them to proceed with their claims in court. A district court has a duty to "adjudicate a controversy properly before it." *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976)). Thus, given that no justification for a stay of Plaintiffs' claims remains, and the dispute is before this Court after arbitration "has been had", the Court must lift the stay as to Plaintiffs' claims and

administratively reopen the case. *See Tillman*, 825 F.3d at 1076; *Cota*, 2021 WL 4864588 at *12 (denying the Defendant's Motion to Compel Arbitration because arbitration had "been had", then adjudicating the Defendant's Motion to Dismiss).

Plaintiffs respectfully request that a Scheduling Conference be scheduled so that the parties can litigate this matter.

## VI.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant this Motion in its entirety.

Dated: August 9, 2022                    Respectfully submitted,

**CARPENTER & ZUCKERMAN**

*/s/ John P. Kristensen*
John P. Kristensen (*Pro Hac Vice*)
Peter Cho (NY State Bar No. 2910339)
8827 W. Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 273-1230
Email: *pcho@cz.law*
Email: *kristensen@cz.law*

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I certify that on Tuesday, August 09, 2022 a true and correct copy of the attached

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO LIFT**

**THE STAY** was served via CM/ECF upon the following parties pursuant to Rule 5 of the Federal

Rules of Civil Procedure:


Jeffrey A. Kimmel
M. Adil Yaqoob
**AKERMAN LLP**
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Email: *jeffrey.kimmel@akerman.com*
Email: *adil.yaqoob@akerman.com*

*Counsel for Defendants*


*/s/ John P. Kristensen*
_____
John P. Kristensen