THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA BROWN, *et al*. | Case No.: 1:22-cv-01455-KPF |
| Plaintiffs, | **COLLECTIVE ACTION** |
| vs. | |
| PEREGRINE ENTERPRISES, INC. dba RICK'S CABARET NEW YORK, a New York corporation; RCI ENTERTAINMENT (NEW YORK) INC., a New York corporation; RCI HOSPITALITY HOLDINGS, INC. fka RICK'S CABARET INTERNATIONAL, INC., a Texas corporation; RCI MANAGEMENT SERVICES, a Texas corporation; ERIC LANGAN, an individual; ED ANAKAR, an individual; DOE MANAGERS 1-3; and DOES 4-10, inclusive, | **DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT THE STAY** |
| Defendants. | |
| _____ / | |

## DECLARATION OF JOHN P. KRISTENSEN

I, John P. Kristensen, hereby declare as follows:

1. I am an attorney licensed to practice before all Courts in the State of California. I am a partner at Carpenter & Zuckerman, and am admitted *pro hac vice* in this matter as counsel of record for plaintiffs Angela Brown ("Brown"), Raina Bigham ("Bigham"), Natasha Bradbury ("Bradbury"), Lauren Farano ("Farano"), Teresa Luja ("Luja"), Giselle Luza ("Luza"), Kayla Urena ("Urena"), Kayle Rodriguez ("Rodriguez"), Leslie Tejeda ("Tejeda"), Yana Toyber ("Toyber"), Susana Vargas ("Vargas"), Ashley Venecia ("Venecia"), Marley Blangiardo ("Blangiardo"), Rebecca Branson ("Branson"), Zuleyka Bula ("Bula"), Kianna Francis ("Francis"), Maryanny Manan ("Manan"), Coral Ann Hall ("Hall"), Suenbel Rehman ("Rehman"), Janice Valdez ("Valdez"), Elena Malysheva ("Malysheva"), Tracie Middleton ("Middleton"), and Maria Cardenas ("Cardenas") (collectively, "Plaintiffs") in this action. I make this declaration of my own personal knowledge, and if called to testify, I could and would competently testify hereto under oath.

2. On May 4, 2022, Brown filed her arbitration demand with the American Arbitration Association ("AAA") and paid her share of the arbitration filing fees. Defendants were served with Brown's arbitration demand.

    a. Attached hereto as **Exhibit 1** is a true and correct copy of Brown's arbitration demand and receipt for payment of Brown's share of the filing fees.

3. On May 5, 2022, Bigham, Bradbury, Farano, Leja, and Luza filed their arbitration demands with AAA and paid their share of the arbitration filing fees. Defendants were served with Bigham, Bradbury, Farano, Leja, and Luza's arbitration demands.

    a. Attached hereto as **Exhibit 2** is a true and correct copy of Bigham's arbitration demand and receipt for payment of Bigham's share of the filing fees.

///

    b. Attached hereto as **Exhibit 3** is a true and correct copy of Bradbury's arbitration demand and receipt for payment of Bradbury's share of the filing fees.

    c. Attached hereto as **Exhibit 4** is a true and correct copy of Farano's arbitration demand and receipt for payment of Farano's share of the filing fees.

    d. Attached hereto as **Exhibit 5** is a true and correct copy of Leja's arbitration demand and receipt for payment of Leja's share of the filing fees.

    e. Attached hereto as **Exhibit 6** is a true and correct copy of Luza's arbitration demand and receipt for payment of Luza's share of the filing fees.

4. Urena, Rodriguez, Tejeda, Toyber, Vargas, and Venecia filed their arbitration demands with AAA and paid their share of the filing fees on May 9, 2022. Defendants were served with Urena, Rodriguez, Tejeda, Toyber, Vargas, and Venecia's arbitration demands.

    a. Attached hereto as **Exhibit 7** is a true and correct copy of Urena's arbitration demand and receipt for payment of Urena's share of the filing fees.

    b. Attached hereto as **Exhibit 8** is a true and correct copy of Rodriguez's arbitration demand and receipt for payment of Rodriguez's share of the filing fees.

    c. Attached hereto as **Exhibit 9** is a true and correct copy of Tejeda's arbitration demand and receipt for payment of Tejeda's share of the filing fees.

    d. Attached hereto as **Exhibit 10** is a true and correct copy of Toyber's arbitration demand and receipt for payment of Toyber's share of the filing fees.

    e. Attached hereto as **Exhibit 11** is a true and correct copy of Vargas's arbitration demand and receipt for payment of Vargas's share of the filing fees.

///

      f. Attached hereto as **Exhibit 12** is a true and correct copy of Venecia's arbitration demand and receipt for payment of Venecia's share of the filing fees.

5. On May 10, 2022, Branson, Bula, Francis, Manan, Hall, and Malysheva filed their arbitration demands with AAA and paid their share of the arbitration filing fees. Defendants were served with Branson, Bula, Francis, Manan, Hall, and Malysheva's arbitration demands.

      a. Attached hereto as **Exhibit 13** is a true and correct copy of Branson's arbitration demand and receipt for payment of Branson's share of the filing fees.

      b. Attached hereto as **Exhibit 14** is a true and correct copy of Bula's arbitration demand and receipt for payment of Bula's share of the filing fees.

      c. Attached hereto as **Exhibit 15** is a true and correct copy of Francis's arbitration demand and receipt for payment of Francis's share of the filing fees.

      d. Attached hereto as **Exhibit 16** is a true and correct copy of Manan's arbitration demand and receipt for payment of Manan's share of the filing fees.

      e. Attached hereto as **Exhibit 17** is a true and correct copy of Hall's arbitration demand and receipt for payment of Hall's share of the filing fees.

      f. Attached hereto as **Exhibit 18** is a true and correct copy of Malysheva's arbitration demand and receipt for payment of Malysheva's share of the filing fees.

///

///

///

///

6. On May 12, 2022, AAA sent correspondence to Plaintiffs and Defendants advising that AAA had received Plaintiffs' share of their arbitration filing fees (amounting to $300.00 per matter) but had not received Defendants' share ($1,900.00 per each matter). AAA requested that Defendants pay their share by May 26, 2022.

    a. Attached hereto as **Exhibit 19** is a true and correct copy of the May 12, 2022 correspondence sent by AAA.

7. Defendants sent correspondence to AAA on May 19, 2022 advising that Defendants would not pay their share of the arbitration filing fees per AAA's rules, but rather wanted Plaintiffs to pay an equal share of the filing fees in violation of AAA's rules.

    a. Attached hereto as **Exhibit 20** is a true and correct copy of Defendants' May 19, 2022 correspondence.

8. That same day, Plaintiffs sent correspondence in response noting that as of October 1, 2017, AAA was applying its Employment Fee Schedule to any dispute between an individual (employee or independent contractor) and a business or organization and the dispute arises from work or work-related claims. Per AAA's own rules, policies, and procedures, Plaintiffs had already paid their share of the filing fees.

    a. Attached hereto as **Exhibit 21** is a true and correct copy of Plaintiffs' May 19, 2022 correspondence.

9. On May 20, 2022 AAA announced that it would apply the Employment Fee Schedule to these matters and, that once Defendants' share of the filing fees were paid, it would proceed with administration of these matters.

    a. Attached hereto as **Exhibit 22** is a true and correct copy of AAA's May 20, 2022 response.

///

///

///

10. On May 25, 2022, Defendants sent another correspondence to AAA arguing again that it would not pay the arbitration filing fees in accordance with AAA's rules and the Employment Fee Schedule.

   a. Attached hereto as **Exhibit 23** is a true and correct copy of Defendants' May 25, 2022 correspondence.

11. Per AAA's request, Plaintiffs submitted their response again stating that AAA's rules, policies, procedures were to proceed with the Employment Fee Schedule.

   a. Attached hereto as **Exhibit 24** is true and correct copy of Plaintiff's June 3, 2022 correspondence.

12. That same day AAA sent correspondence reaffirming that Defendants' share of the arbitration filing fees were $1,900.00 for each matter and that it would apply the Employment Fee Schedule.

   a. Attached hereto as **Exhibit 25** is a true and correct copy of AAA's June 3, 2022 response.

13. AAA sent yet another correspondence on June 14, 2022 again requesting that Defendants pay their share of the arbitration filing fees by June 28, 2022.

   a. Attached hereto as **Exhibit 26** is a true and correct copy of AAA's June 14, 2022 correspondence.

///

///

///

///

///

///

///

///

14. On July 26, 2022, AAA sent correspondence that it had administratively closed these matters as a result of Defendants' failure to pay their share of the arbitration filing fees.

    a. Attached hereto as **Exhibit 27** is a true and correct copy of AAA's July 26, 2022 correspondence.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on Tuesday, August 9, 2022 at Los Angeles, California.

*/s/ John P. Kristensen*
John P. Kristensen

## **CERTIFICATE OF SERVICE**

I certify that on Tuesday, August 09, 2022 a true and correct copy of the attached **DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT THE STAY** and accompanying documents were served via CM/ECF upon the following parties pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Jeffrey A. Kimmel
M. Adil Yaqoob
**AKERMAN LLP**
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Email: *jeffrey.kimmel@akerman.com*
Email: *adil.yaqoob@akerman.com*

*Counsel for Defendants*

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ John P. Kristensen*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　John P. Kristensen