# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA BROWN, *et al*. | Case No.: 1:22-cv-01455-KPF |
| Plaintiffs, | **COLLECTIVE ACTION** |
| v. | **DECLARATION OF ANGELA BROWN IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO § 216(B) OF THE FAIR LABOR STANDARDS ACT** |
| PEREGRINE ENTERPRISES, INC. dba RICK'S CABARET NEW YORK, a New York corporation; RCI ENTERTAINMENT (NEW YORK) INC., a New York corporation; RCI HOSPITALITY HOLDINGS, INC. fka RICK'S CABARETI NTERNATIONAL, INC., a Texas corporation; RCI MANAGEMENT SERVICES, a Texas corporation; ERIC LANGAN, an individual; ED ANAKAR, an individual; DOE MANAGERS 1-3; and DOES 4-10, inclusive, | |
| Defendants. / | |

## DECLARATION OF ANGELA BROWN

I, Angela Brown, plaintiff in this matter, and based on my own experience and knowledge, hereby declare as follows:

1. I have personal knowledge of all facts stated in this Declaration and, if called to testify as a witness, I could and would competently testify thereto.

///

## INTRODUCTION

2. On February 22, 2022, my counsel filed a Complaint against defendants Peregrine Enterprises, Inc. dba Rick's Cabaret New York, RCI Entertainment (New York), Inc., RCI Hospitality Holdings, Inc., RCI Management Services, Eric Langan, and Ed Anakar, (collectively, "Defendants") (Defendants' club referred to herein as "Rick's Cabaret"). *See* Dkt. 1.

3. The damages of this lawsuit are a result of Defendants failing to pay me any wages for hours that I worked, charging me fees to work, and illegally taking substantial portions of tips that I earned as an exotic dancer.

4. These causes of action arise from Defendants' actions while I was employed by Defendants at various times from approximately 2017 to 2020. I worked at Defendants' club, Rick's Cabaret, located at 50 West 33rd Street, New York, New York 10001.

5. During my employment with Defendants, I was an exotic dancer/entertainer.

6. I was not paid hourly for my work at Rick's Cabaret. Instead, I retained a portion of the dance fees, and customer gratuities and tips. Defendants failed to pay me wages for all hours worked in violation of the Fair Labor Standards Act ("FLSA").

///

7. I was forced to pay Defendants an average of $40 to $60 in "house fees" per shift and at least $50 per shift in forced tips to other employees including the DJs, house moms, and managers.

8. I was subjected to late fees for failing to arrive for a shift at the club's designated times.

## SIMILARLY SITUATED CLASS MEMBERS EXIST

9. Upon information and belief, during my employment as an exotic dancer/entertainer, other exotic dancers/entertainers did not receive wages.

10. Defendants have misclassified me and all other exotic dancers/entertainers at Rick's Cabaret as independent contractors.

11. Defendants engaged in the common practice of treating me and all other exotic dancers/entertainers at Rick's Cabaret as independent contractors, depriving us of wages, and enforcing mandatory tipping to the club.

12. Defendants dictated to me and all other exotic dancers/entertainers at Rick's Cabaret how dancers performed their work, setting prices that customers would be charged per dance, setting fee splits, tip policies and house fee policies, and controlling when and how dancers performed.

13. Defendants controlled the dance prices and set the price floor for lap dances, which I had no authority to change.

14. Defendants also set the prices charged to customers for VIP dances. Defendants set the VIP dance price at approximately $150 for 15 minutes, with the club pocketing approximately 40% of fees collected from VIP dances.

15. Defendants charged all dancers/entertainers a "house fee" for the ability to work a particular shift.

16. Defendants charged all dancers/entertainers a late fee if they failed to arrive to a particular shift at the designated time.

17. All dancers/entertainers were required to commit to a work schedule for a given week.

18. Defendants also exercised a great deal of control over how I and all other dancer entertainers performed.

19. Dancers/entertainers were required to complete their entire shift for any particular day they showed up to work.

20. All dancers/entertainers were required to ask for permission to leave early during a shift.

21. Defendants exercised control over whether dancers/entertainers including myself were allowed to dance at the club, refusing to let a dancer/entertainer work a shift for any reason.

22. I am aware that other exotic dancers/entertainers fear retaliation for voicing concern over Defendants' FLSA violations and for opting-in as plaintiffs for this lawsuit.

23. I am aware that other similarly situated exotic dancers/entertainers who are/were employees of Defendants and are interested in joining this lawsuit and desire to opt-in as plaintiffs. These exotic dancers/entertainers are similarly situated with regards to job performance, duties and requirements and are subject to the same pay policies that were implemented by Defendants, as stated above.

Executed on 11/21/2022 in New York

_DocuSigned by:_
_Angela Brown_
9BA7900C95CB44F...

Angela Brown
Plaintiff