

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas, 37th
Floor | New York, NY 10020
D: 212-259-6435 | C: 917-837-0121

December 1, 2022

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:    **Angela Brown., et al. v. Peregrine Enterprises, et al.**
               **Case No. 22-cv-01455-KPF**

Dear Judge Failla:

      This firm represents Peregrine Enterprises, Inc., dba Rick's Cabaret New York; RCI Entertainment (New York) Inc.; RCI Hospitality Holdings Inc., fka Rick's Cabaret International, Inc.; RCI Management Services; Eric Langan; and Ed Anakar (collectively, the "Defendants") in the above-referenced case. We write to respectfully request that the Court stay the briefing schedules and any other deadlines related to Plaintiffs' motions for conditional certification (ECF Dkt No. 63) and equitable tolling (ECF Dkt No. 64).

      On November 16, 2022, Defendants filed a motion to stay this action ("Motion to Stay") pending appeal ("Appeal") of the Court's November 3, 2022 decision and order. (ECF Dkt. No. 57). In the Motion to Stay, Defendants also requested a stay of all deadlines in this case, including the deadline to file an answer and the parties' deadline to file a joint letter, pending the Court's ruling on the motion. On November 18, 2022, the Court granted Defendants' request to stay the deadline to file an answer and the parties' deadline to file a joint letter.

      Despite the foregoing, Plaintiffs' quickly thereafter filed their motions for conditional certification and equitable tolling in an attempt to circumvent Defendants' Appeal and Motion to Stay. Indeed, Plaintiffs are undoubtedly aware that in the event Second Circuit reverses the Court's decision, Defendants' right to arbitrate Plaintiffs' claims on an individual basis would be impaired by having had to respond to Plaintiffs' motions. Likewise, the Motion to Stay, which argues that Defendants would be irreparably harmed by having to litigate this case, would be rendered at least partially moot before it is decided by the Court.

      Accordingly, Defendants respectfully request that the Court stay the briefing schedules and any other deadlines related Plaintiffs' motions for condition certification and equitable tolling

akerman.com

The Honorable Katherine Polk Failla
December 1, 2022
Page 2
_____

pending decision on Defendants' Motion to Stay. On November 29, 2022, Defendants emailed Plaintiffs to ask if they consent to this request but Plaintiffs have yet to respond. However, in their Opposition to Defendants' Motion to Stay, filed on November 30, 2022, Plaintiffs request that the Court rule on their motion for conditional certification and equitable tolling prior to a decision on Defendants' Motion to Stay and therefore it is unlikely that they will consent this request.

      We thank the Court for its time and attention to this matter and its consideration of this request.

Respectfully Submitted,

*/s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel
Partner
For the Firm

cc:    Plaintiffs' attorneys (via ECF)