

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas, 37th
Floor | New York, NY 10020
D: 212-259-6435 | C: 917-837-0121

December 1, 2022

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



> Re:   Angela Brown., et al. v. Peregrine Enterprises, et al.
>        Case No. 22-cv-01455-KPF_____

Dear Judge Failla:

This firm represents Peregrine Enterprises, Inc., dba Rick's Cabaret New York; RCI Entertainment (New York) Inc.; RCI Hospitality Holdings Inc., fka Rick's Cabaret International, Inc.; RCI Management Services; Eric Langan; and Ed Anakar (collectively, the "Defendants") in the above-referenced case. We write to respectfully request that the Court stay the briefing schedules and any other deadlines related to Plaintiffs' motions for conditional certification (ECF Dkt No. 63) and equitable tolling (ECF Dkt No. 64).

On November 16, 2022, Defendants filed a motion to stay this action ("Motion to Stay") pending appeal ("Appeal") of the Court's November 3, 2022 decision and order. (ECF Dkt. No. 57). In the Motion to Stay, Defendants also requested a stay of all deadlines in this case, including the deadline to file an answer and the parties' deadline to file a joint letter, pending the Court's ruling on the motion. On November 18, 2022, the Court granted Defendants' request to stay the deadline to file an answer and the parties' deadline to file a joint letter.

Despite the foregoing, Plaintiffs' quickly thereafter filed their motions for conditional certification and equitable tolling in an attempt to circumvent Defendants' Appeal and Motion to Stay. Indeed, Plaintiffs are undoubtedly aware that in the event Second Circuit reverses the Court's decision, Defendants' right to arbitrate Plaintiffs' claims on an individual basis would be impaired by having had to respond to Plaintiffs' motions. Likewise, the Motion to Stay, which argues that Defendants would be irreparably harmed by having to litigate this case, would be rendered at least partially moot before it is decided by the Court.

Accordingly, Defendants respectfully request that the Court stay the briefing schedules and any other deadlines related Plaintiffs' motions for condition certification and equitable tolling

The Honorable Katherine Polk Failla
December 1, 2022
Page 2

_____

pending decision on Defendants' Motion to Stay. On November 29, 2022, Defendants emailed Plaintiffs to ask if they consent to this request but Plaintiffs have yet to respond. However, in their Opposition to Defendants' Motion to Stay, filed on November 30, 2022, Plaintiffs request that the Court rule on their motion for conditional certification and equitable tolling prior to a decision on Defendants' Motion to Stay and therefore it is unlikely that they will consent this request.

      We thank the Court for its time and attention to this matter and its consideration of this request.

Respectfully Submitted,

*/s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel
Partner
For the Firm

cc:    Plaintiffs' attorneys (via ECF)

In the last three weeks, the parties have moved for various forms of relief before the Court. First, on November 16, 2022, Defendants filed a motion to stay this case pending an interlocutory appeal. (Dkt. #57-58). Following the filing of that motion, the Court stayed the parties' deadline to file a joint letter and Defendants' deadline to answer until the Court resolved the motion. (Dkt. #59). Then Plaintiffs filed a motion for conditional certification and issuance of notice. (Dkt. #63). Concurrent with that motion, Plaintiffs filed a motion for equitable tolling, requesting that if the Court conditionally certifies a FLSA collective and authorizes the issuance of notice, the Court should also equitably toll the statute of limitations for potential opt-in collective members until the end of the notice period. (Dkt. #64). Following these motions, Plaintiffs filed an opposition to Defendants' motion to stay the case pending appeal (Dkt. #65), and thereafter filed a brief memorandum of supplemental authority in further opposition(Dkt. #66). Finally, Defendants filed the instant application, requesting that the Court stay the briefing schedule on Plaintiffs' motion for conditional certification and equitable tolling. (Dkt. #67). In this application, Defendants argue that failure to stay those deadlines would (i) harm them because their right to arbitrate claims on an individual basis would be impaired by having to respond to Plaintiffs' motions prior to a decision by the Second Circuit; and (ii) render Defendants' motion to stay the case partially moot before it is decided by this Court. (*Id.* at 1).

The parties' motions are interrelated and call for conflicting relief. Plaintiffs, understandably, wish to move forward with this case, and thus promptly filed their motions for conditional certification and equitable tolling. Defendants, on the other hand, wish to preserve the status quo while the Second Circuit considers their interlocutory appeal of this Court's decision lifting the stay in this case.

The Court agrees with Defendants that briefing on Plaintiffs' motions to conditionally certify a FLSA collective and equitably toll this action through the notice period should be stayed, at least until the Court resolves Defendants' motion to stay the case pending appeal. Naturally, if the Court ultimately stays this case pending appeal, it will likewise stay briefing on Plaintiffs' motions until the appeal is resolved. The Court will more fully address whether to stay briefing on Plaintiffs' motions in its resolution of Defendants' motion to stay the case pending appeal, which is not yet fully briefed.

That being said, the Court takes Defendants' request as implicit consent that the Court may consider, at a later date, equitably tolling the statute of limitations for potential opt-in plaintiffs from the date of this Order until the Court resolves Plaintiffs' conditional certification motion or through the running of any potential notice period.  It should be noted that courts, including this Court, often withhold judgment on requests to toll the statute of limitations for opt-in plaintiffs in FLSA cases until issues of untimeliness for individual opt-in plaintiffs are actually implicated.  *See, e.g.*, *Bethel* v. *BlueMercury, Inc.*, No. 21 Civ. 2743 (KPF), 2022 WL 3594575, at *14 (S.D.N.Y. Aug. 22, 2022)(declining to equitably toll the statute of limitations because "it is unnecessary to determine this issue now, as it is not yet clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice" (quoting *Mendoza* v. *Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 KPF, 2013 WL 5211839, at *10 (S.D.N.Y. Sept. 16, 2013); *Whitehorn* v. *Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011)) (internal quotation marks omitted)); *Campos* v. *Lenmar Rest. Inc.*, No. 18 Civ. 12359 (KPF), 2019 WL 6210814, at *5 n.6 (S.D.N.Y. Nov. 21, 2019) ("[C]ourts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (quoting *Trinidad* v. *Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 n.14 (S.D.N.Y. 2013))).

Defendants are ORDERED to submit a reply, if any, to Plaintiffs' opposition to the motion to stay this case pending appeal by **December 9, 2022**.  The Clerk of Court is directed to terminate the pending motion at docket entry 67.

Dated:     December 2, 2022         SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE