UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ANGELA BROWN, *et al.*

                              Plaintiffs,

                              v.

PEREGRINE ENTERPRISES, INC. dba RICK'S CABARET NEW YORK, a New York corporation; RCI ENTERTAINMENT (NEW YORK) INC., a New York corporation; RCI HOSPITALITY HOLDINGS, INC. fka RICK'S CABARET INTERNATIONAL, INC., a Texas corporation; RCI MANAGEMENT SERVICES, a Texas corporation; ERIC LANGAN, an individual; ED ANAKAR, an individual; DOE MANAGERS 1-3; and DOES 4-10, inclusive,

                              Defendants.

Case No. 1:22-cv-01455-KPF



## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER FOR DISCOVERY AND PRE-TRIAL PURPOSES

      The parties to the above-captioned action may disclose information—including trade secrets and other confidential business information—for which special protection from public disclosure and from use for any purpose other than for prosecuting and/or defending this action is warranted under Rule 26(c) of the Federal Rules of Civil Procedure. To protect against the improper use or disclosure of such information, Plaintiffs Angela Brown, Raina Bigham, Natasha Bradbury, Lauren Farano, Teresa Leja, Giselle Luza, Kayla Urena, Kaylee Rodriguez, Leslie Tejeda, Yana Toyber, Susana Vargas, Ashley Venecia, Marley Blangiardo Rebecca Branson, Zuleyka Bula, Kianna Francis, Maryanny Manan, Coral Ann Hall, Janice Valdez, Elena Malysheva, Gabriela Chan, Suenbel Rehman, and Lisa Sdrigotti (collectively, "Plaintiffs"), and

Defendants Peregrine Enterprises, Inc., dba Rick's Cabaret New York; RCI Entertainment (New York) Inc.; RCI Hospitality Holdings Inc., fka Rick's Cabaret International, Inc.; RCI Management Services; Eric Langan, and Ed Anakar (collectively, the "Defendants") by their respective counsel, hereby stipulate and agree, and the Court enters the following Confidentiality Agreement and Protective Order, as follows:

1.  When any Party produces or provides documents at any time during the above-captioned litigation and reasonably believes that such documents contain trade secrets, financial data, or other competitively sensitive information, Plaintiffs or Defendants shall stamp all such documents with the word "CONFIDENTIAL" and such documents shall thereafter be protected pursuant to the terms of this Confidentiality Agreement and Protective Order. When producing Confidential Information, the producing Party shall stamp all pages of the document with the "CONFIDENTIAL" designation.

2.  The inadvertent production of any responsive document, material, or information without the "CONFIDENTIAL" designation shall not operate as a waiver of its confidential status under this Confidentiality Agreement and Protective Order, so long as any such inadvertent production is brought to the attention of opposing counsel by counsel for the party designating such document, material or information as "Confidential" within a reasonable time after the inadvertent production  Any use or disclosure by the receiving party of any such document or information prior to being notified of its confidential nature shall not be deemed a violation of this Confidentiality Agreement and Protective Order.

3.  If Plaintiffs or Defendants wish to use any deposition testimony concerning documents, material, or information designated as Confidential, the portion of the deposition transcript which relates to such documents, material, or information shall be designated and treated as Confidential and subject to the confidentiality provisions hereof. This Confidentiality Agreement and Protective Order shall not preclude counsel for the parties from using during any

2

-
-
-

deposition in this action any documents or information which have been designated as "Confidential" under the terms hereof..

4. Documents, material, or information (including portions of deposition transcripts) received from the opposing party and designated as Confidential, or information derived therefrom (collectively "Confidential Information"), may be disclosed or made available by the party receiving the Confidential Information (or their respective counsel) only to the following:

  A. Plaintiffs, Defendants, and any agents or employees of Defendants with whom Defendants' counsel believes the information is necessary to share in order to prepare the defense of or evaluate Plaintiffs' claims;

  B. the Court and its personnel (in the manner provided by paragraph 7 hereof);

  C. counsel of record and the attorney(s), paralegal(s), and clerical and secretarial staff employed by them;

  D. court reporters, stenographers, or videographers utilized in this litigation;

  E. any expert or consultant engaged or consulted in this action;

  F. any witnesses testifying at a deposition or trial in this action.; and

  F. any other person as agreed upon by the parties or ordered by the Court.

5. All Confidential Information received in this case shall be used by the person(s) receiving it only for the purposes of preparing for and conducting this litigation. It may not be used for any other purpose, including any competitive purpose.

6. Prior to disclosure of Confidential Information received from another party that is protected by this Confidentiality Agreement and Protective Order to any individual or entity that falls within the categories set forth in paragraph 4 above (except the Court and its personnel), Plaintiffs or Defendants or their respective counsel shall secure their promise that they will not disclose any information protected by this Confidentiality Agreement and Protective Order to anyone other than counsel and the parties, as limited herein.

7. If at trial any non-disclosing party attempts to introduce into evidence or use in cross-examination Confidential Information, whether a document, deposition testimony or otherwise, the disclosing party may request that the Court preserve the confidentiality of that Confidential Information to the extent and by the means the Court deems necessary and appropriate.  Use of Confidential Information at trial shall not destroy, or waive, the confidential nature of such information.

8. Nothing herein shall be construed as a concession by either party of the relevance or lack of relevance of any information or documents or to require either party to produce information or documents that it contends to be privileged or otherwise non-discoverable.

9. Within five (5) years after final termination of this action, including all appeals, the parties shall destroy or return to opposing counsel all documents or material designated as Confidential Information that he/she/it received from the disclosing party, and all copies thereof (including such copies as may have been marked as deposition exhibits and/or exhibits to any motion, pleadings or other court documents). Notwithstanding anything to the contrary, counsel of record for the parties may retain copies of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, referencing or containing Confidential Information.  This Confidentiality Agreement and Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.  A party that elects to destroy, rather than return, Confidential Information pursuant to this Section shall certify in writing to the disclosing party that he/it has done so.

10. Nothing in this Confidentiality Agreement and Protective Order shall prevent a Party from applying to the Court for any additional protection with respect to the confidentiality of documents, material or information, including permission to treat Confidential Information on an "attorneys' eyes only" basis, or for the right to utilize the Confidential Information in any way not contemplated herein, as either party may consider appropriate.

11. The provisions of this Agreement and Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and the Court handling this action shall retain continuing jurisdiction in order to enforce the terms of this Agreement and Order.

12. In the event that a party has an objection to a Confidential designation, counsel for the objecting party shall notify opposing counsel in writing of the objection and the basis therefor. If the parties cannot resolve the dispute among themselves, then within ten (10) business days of written notice by either Party that the parties cannot resolve such dispute, the designating party Party will present the dispute to the Court by motion or the designation will be deemed withdrawn. In the event the designating party files any such motion, the designating party bears the burden of demonstrating the necessity of the challenged designation under prevailing law. During the pendency of any such motion or other process by which the Court considers the dispute, the document or information in question shall be treated as Confidential and subject to the provisions of this Agreement and Order.

13. In the event of a breach of this Confidentiality Agreement and Protective Order, the non-breaching party shall be entitled to pursue any available remedy at law or equity.

14. Nothing contained herein shall be construed as a waiver by the parties of the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or duties. The parties agree that should issues relating to these duties and/or privileges arise, they will meet and confer to discuss the particular disclosure sought and, in any event, retain the right to present the issue to the Court for resolution. Once executed by the parties, this Confidentiality Agreement and Protective Order shall be binding on them as a matter of contract, irrespective of whether and when the Court also executes the Confidentiality Agreement and Protective Order.

15. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford

confidential treatment to information that the parties have redacted, sealed or designated as confidential.

| **AKERMAN LLP** | **CARPENTER & ZUCKERMAN** |
|---|---|
| By: /s/ Jeffrey A. Kimmel | By: /s/ John Kristensen |
| Jeffrey A. Kimmel, Esq. | John Kristensen, Esq. |
| 1251 Avenue of the Americas, 37th Fl | Frank Mihalic, Esq. |
| New York, NY 10020 | 8827 W. Olympic Boulevard |
| (212) 880-3800 | Beverly Hills, CA 90211 |
| jeffrey.kimel@akerman.com | 310-858-1063 |
| Attorneys for Defendants | kristensenteam@cz.law.com |
| | fmihalic@cz.law.com |
| | Attorneys for Plaintiffs |

68616482;1

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:      February 9, 2023           SO ORDERED.
            New York, New York

                                       *Katherine Polk Failla* (signature)

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE